**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-CV-2071-JRT-BRT |
| v. | ) | |
| | ) | |
| U.S. BANCORP and U.S. BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO STAY**

**INTRODUCTION**

This case was stayed from August 7, 2014 (Dkt. 77), until August 8, 2017 (Dkt. 82). Following the stay, the parties stipulated to the dismissal of Counts I, II, III and IV of IV's Complaint (Dkt. 1) and Counts I, II, III, IV, V, VI, VII, and VIII of Defendants' Counterclaims (Dkt. 24). *See* Dkt. 84.

The remaining Counts are Plaintiff's Count V and Defendants' Counterclaims IX and X, all of which concern U.S. Patent No. 7,634,666 ("the '666 patent"). Plaintiff recently received an adverse judgment concerning the '666 patent in the Southern District of New York just prior to this Court's lifting of the stay here. Plaintiff has appealed this judgment to the Federal Circuit.[1] *See Intellectual Ventures II LLC v. JP Morgan Chase & Co. et al*, 1:13-cv-03777 (S.D.N.Y.) (Dkt. 856, August 10, 2017) ("the JPMC Case"). Plaintiff submits that this case now should be stayed pending the outcome of the appeal of the JPMC Case because that appeal will necessarily resolve at least some issues concerning the '666 patent and is potentially dispositive of the remainder of this case. Moreover, having been stayed for over three years, this case is still in its early stages and has no trial date. Finally, a stay will not prejudice Defendants.

Plaintiff has met and conferred with Defendants concerning this Motion and Defendants do not oppose the relief sought by Plaintiff.[2] Accordingly, Plaintiff respectfully requests that the Court stay this case through the current appeal in the JPMC Case.

I.     **FACTS**

Facts concerning this case:

---

[1] Plaintiff's opening appeal brief is due October 16, 2017.

[2] During meet and confer Defendants' stated position was that they do not oppose the present motion but asked that Plaintiff "indicate in [its] motion that US Bank reserves the right to move to lift the stay in order to seek dismissal of 666 claims (and the complaint) in view of collateral estoppel."

- This case was filed on July 31, 2013 (Dkt. 1);

- Plaintiff asserted five patents in its complaint:  U.S. Patent Nos. 5,745,574 ("the '574 patent"); 6,826,694 ("the '694 patent"); 6,715,084 ("the '084 patent"); 6,314,409 ("the '409 patent"); and the '666 patent (*Id.*) (collectively, "the Patents-in-Suit");

- On June 18, 2014, Defendants filed their Motion to Stay Pending *Inter Partes* Review of the Asserted Patents (Dkt. 64-66) ("Defendants' Stay Motion");

- On August 7, 2014, the Court granted Defendants' Stay Motion (Dkt. 77) and held that "[a]ll discovery and all other proceedings in this case are immediately STAYED pending inter partes review ('IPR') of [the Patents-in-Suit] . . . at the Patent Trial and Appeal Board ('PTAB') of the United States Patent and Trademark Office ('PTO').";

- Following completion of all IPR proceedings, the Court lifted the stay on August 8, 2017 (Dkt. 82-83);

- Following the lifting of the stay the parties stipulated to the dismissal of the '574 patent, the '694 patent, the '084 patent, and the '409 patent and all related claims and counterclaims (Dkt. 84); and

- Plaintiff's claim (Count V) and Defendants' counterclaims (Counterclaims IX and X) concerning the '666 patent remain pending.

Facts concerning the JPMC Case:

- The '666 patent is at issue in the JPMC Case (JPMC Case, Dkt. 1, Count V);

- The court in the JPMC Case issued an Order Regarding Claim Construction and Patent Summaries on March 18, 2014, which construed certain terms of the '666 patent (JPMC Case, Dkt. 82) ("Claim Construction Order");

- Through two separate orders on May 1 and July 12, 2017, the court in the JPMC Case granted summary judgment of non-infringement concerning the '666 patent (JPMC Case, Dkt. 747 and 849) ("Summary Judgment Orders"); and

- On August 10, 2017, Plaintiff filed a notice of appeal concerning the Claim Construction Order and Summary Judgment Orders (JPMC Case, Dkt. 856).

## II.   ARGUMENT

### A.   The Court Should Grant Plaintiff's Unopposed Motion to Stay This Case Through the Appeal in the JPMC Case

"District courts have the 'inherent power to manage their dockets and stay proceedings.'" *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-0105-ADM-SER, 2012 WL 5331227, at *1 (D. Minn. Oct. 29, 2012). In deciding whether to stay proceedings courts often consider (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the litigation and facilitate the trial of the case; and (3) whether discovery is complete and a trial date is set. *Id.*

Here, all three factors favor staying this case, especially when considering this case already includes a three year stay for PTAB proceedings and that issues concerning the '666 patent are already on appeal in the JPMC Case.

With respect to the first factor, Defendants will not be unduly prejudiced or burdened with a tactical disadvantage if the Court stays this matter pending the appeal of the JPMC Case. Defendants do not oppose Plaintiff's stay request. Moreover, Defendants previously moved the Court for a stay in this case, which was granted and resulted in a three-year pause in the proceedings which was only recently lifted.

With respect to the second factor, a stay will simplify the issues in the litigation concerning claim construction and could potentially resolve the litigation concerning the '666 patent. One issue on appeal is the JPMC court's construction of the '666 patent—*i.e.*, how the claims of the patent should be interpreted. This is an issue of law. *See, e.g., Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1339 (Fed. Cir. 2015). The Federal Circuit's decision on how the '666 patent claims should be interpreted will necessarily inform the issues in this case. Moreover, this Court will have the benefit of the Federal Circuit's reasoning concerning how the

'666 patent should be construed should any related issues in this case arise.  The Federal

Circuit's ruling could also influence the outcome of this case, if affirmed.  Assuming for

purposes of argument that Defendants' use of the accused products is identical in all relevant

respects to JPMC's use of the accused products, affirmance by the Federal Circuit would likely

foreclose Plaintiff's case against Defendants.[3]  Accordingly, regardless of the outcome of

Plaintiff's appeal in the JPMC Case, this factor favors a stay as well.

With respect to the third factor, discovery in this case is not complete, nor has a trial date

been set.  When the Court granted the stay in this case there was seven months left in fact

discovery, expert discovery had not yet begun, the claim construction process was midstream,

and there was no definitive trial date.  *See* Dkt. 62 at 11 (ordering "[t]his case shall be ready for a

jury trial 90 days after the close of expert discovery or upon resolution of any pending

dispositive motion"); Dkt. 77.   Accordingly, this factor also favors a stay.

With all three factors favoring a stay, and because the motion is unopposed, Plaintiff

respectfully requests that the Court stay all proceedings until the appeal in the JPMC Case is

resolved.

## III.    CONCLUSION

For at least the foregoing reasons, the Court should grant Plaintiff's motion to stay.


Dated: August 18, 2017                    VIDAS ARRETT & STEINKRAUS

                                          /s/ *Edwin E. Voigt II*
                                          Edwin E. Voigt , II
                                          Richard A. Arrett
                                          6640 Shady Oak Rd Ste 400
                                          Eden Prairie, MN 55344

---

[3] Because this case was stayed early on and discovery was not complete, it is not clear that the infringement issue adjudicated in the JPMC Case is identical to the issue here.

952-563-3014
Fax: 952-563-3001
Email: evoigt@vaslaw.com
Email: rarrett@vaslaw.com

FEINBERG DAY ALBERTI & THOMPSON LLP

/s/ *Elizabeth Day*
Ian Feinberg (pro hac vice)
ifeinberg@feinday.com
Elizabeth Day (pro hac vice)
eday@feinday.com
Ian Feinberg (pro hac vice)
ifeinberg@feinday.com
Marc Belloli (pro hac vice)
mbelloli@feinday.com
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Direct: 650-618-4360
Fax: 650-618-4368
*Attorneys for Plaintiff*